Filed 6/17/16  P. v. Arvizu CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063763 |
| v. | (Super.Ct.No. FWV1403502) |
| RICARDO ARVIZU, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Britton Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

The jury convicted defendant of attempted criminal threat (Pen. Code, §§ 664/422, subd. (a))[1] and found that defendant was armed with a firearm at the time of his offense (§ 12022, subd. (a)(1)). Defendant was sentenced to two years in state prison.

Defendant contends that there was insufficient evidence that he specifically intended to criminally threaten the victim as opposed to the victim's father. Defendant also contends that the trial court prejudicially erred by instructing with CALCRIM No. 372 that if defendant fled after committing the offense, his flight may show awareness of guilt.

We conclude that substantial evidence supported defendant's conviction for threatening both the victim and his father. We further conclude that the trial court properly instructed with CALCRIM No. 372 and that there was no prejudice to defendant, regardless of error.

I

STATEMENT OF FACTS

Jose and Jorge Barrientos are father and son.[2] In 2011, defendant married Iris Reyes, the woman who was both Jorge's mother and Jose's ex-girlfriend. In early 2014, defendant and Reyes separated. Reyes was already pregnant with defendant's child at the time, and gave birth on August 27, 2014. Reyes moved in with her mother to recuperate from childbirth. Jorge and his girlfriend had a baby of their own on August 29, 2014.

_____

[1] All further statutory references are to the Penal Code.

[2] For clarity we will refer to Jose and Jorge Barrientos by their first names.

On August 31, 2014, defendant visited Reyes and took her and their baby out to the park. While they were out, Jorge arrived at Reyes's mother's house (his grandmother's) with his own baby in a van he borrowed from his father. When defendant returned Reyes to the house to drop her off, he saw the van, and assumed that Jose was inside the house. Although Reyes denied at trial that defendant became jealous or angry, she told the responding officer that defendant was jealous and angry. Defendant would not believe Reyes that Jose would not visit the house, so Reyes went inside to ask Jorge to go out and tell defendant that Jose was not there.

Jorge went out to defendant's truck. Defendant told Jorge to tell Jose to come out. Jorge responded that Jose was not there and that he had borrowed Jose's van. Defendant held a gun in his right hand, raised it, and told Jorge either, "I got a present for you and your dad" or "I got a toy for you and your dad over here." Jorge testified at trial that he was "not sure" if defendant meant to threaten just Jose, or Jorge as well. Jorge also testified that defendant did not point the gun at him, and demonstrated on the stand that the gun was in defendant's hand, "palm up, his right arm at a 90-degree angle about waist level." Jorge testified that he had always got along well with defendant and was in shock because he did not expect defendant to say something like that.

Although at trial Jorge denied being afraid, he told the responding officer that "[h]e stood there in shock," that he "thought the defendant would possibly shoot him if he moved," and that "[h]e was scared that the defendant was going to shoot him." Jorge also told the officer that he was scared for his life. Defendant told Jorge that he knew where

3

Jose lived "anyways" and drove away. Jorge went inside, told his family what had happened, and called 911. Although at first Jorge said that he had just repeated what his cousins inside the house told him to say, he later added that everything he told the 911 dispatcher and the responding officer was true.

Jorge's younger brother, Rafael, had been playing outside with his cousins. Although he denied doing so at trial, Rafael told the responding officer that he told all his cousins to go inside when he saw the gun because he was "not sure . . . if [defendant] was going to start shooting."

II

DISCUSSION

A.      *Sufficiency of the Evidence for Attempted Criminal Threat*

Defendant contends that there was insufficient evidence that defendant intended to threaten Jorge, as opposed to Jose, to support an attempted criminal threat conviction. We disagree.

Attempted criminal threat requires that a defendant threaten to kill or to inflict great bodily injury on the victim with a specific intent to threaten him or her under circumstances that would reasonably cause the victim to be in sustained fear for the victim's own safety or that of his family. (§§ 21a, 422; *People v. Chandler* (2014) 60 Cal.4th 508, 516.)

When considering a challenge to the sufficiency of the evidence supporting a conviction, we review the entire record in the light most favorable to the judgment to

4

determine whether it contains reasonable, solid, credible evidence from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (2015) 60 Cal.4th 966, 988.) We employ this same standard in evaluating both direct and circumstantial evidence. (*Ibid.*; *People v. Towler* (1982) 31 Cal.3d 105, 118.) We do not invade the province of the jury by reweighing the evidence, or by re-reconciling competing circumstances and redrawing competing inferences from those circumstances; it is the jury—not the appellate court—which must be convinced of the defendant's guilt beyond a reasonable doubt. (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1055-1056; *People v. Nelson* (2011) 51 Cal.4th 198, 210.) " 'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' " (*People v. Elliott* (2012) 53 Cal.4th 535, 585.) Even the testimony of a single witness may provide the jury with sufficient evidence to support a conviction. (*Ibid.*)

Furthermore, a witness's pre-trial, out-of-court statements that satisfy the substantial evidence standard are not rendered insufficient as the sole evidentiary support of a conviction by the witness's inconsistent trial testimony, whether it be a recantation, other inconsistency, or failure of memory. (See Evid. Code, § 1235 [prior inconsistent statements admissible if declarant given opportunity to explain or deny statement in testimony or has not been excused]; *People v. Cuevas* (1995) 12 Cal.4th 252, 271-272

[overruling prior decision requiring corroboration of out-of-court identification unconfirmed at trial to sustain conviction]; *People v. Chavez* (1980) 26 Cal.3d 334, 342, 364 [witness testified at preliminary hearing that he told officer defendant was the shooter, but at trial witness denied having identified defendant to officer, because no one had been hurt and the matter " 'should be settled in the streets' "].)

Thus, as applied to this case, if upon consideration of the entire record, Jorge's pre-trial, out-of-court statements provide substantial evidence that defendant intended to threaten Jorge, his inconsistent trial testimony does not render his pre-trial, out-of-court statements insufficient as the sole evidentiary support for his attempted criminal threat conviction.

Here, Jorge's statements to police and the 911 operator constitute substantial evidence supporting the jury's finding that defendant tried to threaten Jorge with some sort of assault with a firearm, in addition to Jose. Jorge told the 911 dispatcher that defendant had threatened him by "pull[ing] out a gun" and telling Jorge that he had a "present" for Jorge and Jose. He similarly told responding police officers that defendant "grab[bed]" the gun from the car's bench style seat, "picked [it] up . . . in his hand," and said he had a present for Jorge and Jose. Thus, regardless of Jorge's occasionally inconsistent trial testimony, presumably an effort to save his stepfather from conviction, his original statements were sufficient for a reasonable trier of fact to find beyond a reasonable doubt that defendant had attempted to criminally threaten him.

Moreover, Jorge's trial testimony was not as inconsistent as defendant asserts. Contrary to defendant's contention that "at trial Jorge denied [defendant] included him in the alleged threat," when pressed at trial, Jorge did not ultimately testify that he was not included in the threat, only that he could not recall. Jorge also undermined his denials with his ultimate admissions that he had told the truth to the 911 operator and the responding officer.

Accordingly, substantial evidence supported the jury's finding of attempted criminal threat against Jorge.

### B. Instruction with CALCRIM No. 372

Defendant also contends that the trial court prejudicially erred by instructing with CALCRIM No. 372[3] because the instruction incorrectly and impermissibly suggested that defendant fled when he drove away after making the threats. We disagree.

Whenever the prosecution relies on evidence of flight as tending to show the defendant's guilt, the trial court must give a flight instruction. (§ 1127c; *People v. Mendoza* (2000) 24 Cal.4th 130, 179.) A flight instruction is correctly given where there is substantial evidence of flight from which the jury could reasonably infer a consciousness of guilt. (*People v. Pensinger* (1991) 52 Cal.3d 1210, 1245; accord, *People v. Bonilla* (2007) 41 Cal.4th 313, 328.) Substantial evidence of flight is

---

[3] The instruction given at trial read, in its entirety: "If the defendant fled immediately after the crime was committed, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled cannot prove guilt by itself."

provided by "evidence of the circumstances of defendant's departure from the crime scene . . . [that] logically permit[ted] an inference that his movement was motivated by guilty knowledge." (*People v. Lucas* (1995) 12 Cal.4th 415, 470.)

Here, as the trial court noted, under the evidence presented at trial, the jury could reasonably infer that defendant drove away because he "felt the cops were going to get called or the family would come out and confront him." This inference that guilt motivated the flight was supported by Rafael's direction to the children playing outside to get in the house after he saw the gun.

Defendant has also failed to show that even if the flight instruction was indeed given in error that he was prejudiced. (*People v. Watson* (1956) 46 Cal.2d 818, 836 [reasonable probability of different result standard]; see *People v. Silva* (1988) 45 Cal.3d 604, 628 [applying *Watson* to alleged error in giving flight instruction].) The jury heard strong evidence recounted above that defendant used a gun to issue a threat against Jose and Jorge. An instruction to the jury that *if* the defendant fled after the crime was committed, it *may* find the flight evidence of guilt, *but it cannot* prove guilt by itself, would have done nothing to convince the jury to find defendant guilty had it not otherwise done so. (See *People v. Viscotti* (1992) 2 Cal.4th 1, 61 [error "was clearly harmless" because "the instruction did not assume that flight was established, leaving that factual determination and its significance to the jury"].)

We conclude that substantial evidence supported the giving of the instruction, which did not unfairly prejudice the jury against the defendant under any standard.

8

Appellant asserts that giving the flight instruction rendered his trial "fundamentally unfair" without further argument or explanation. Because substantial evidence supported the flight instruction, the argument is without merit. (See *People v. Mendoza*, *supra*, 24 Cal. 4th at p. 180 [flight instruction "violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury"].)

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


McKINSTER
J.

9